UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ROY NUNEZ,                                    )
                                              )
                        Petitioner,           )
                                              )
    vs.                                       )
                                              )        Case No. 2:13-cv-124-WTL-DKL
                                              )
RICHARD BROWN,                                )
                                              )
                        Respondent.           )


**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Roy Nunez for a writ of habeas corpus challenging the consequences of the prison disciplinary proceeding identified as No. WVS12-04-0015 is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* This disposition is based on the following facts and circumstances:

1.      Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

2.      A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

3.      In order to proceed, Nunez must meet the "in custody" requirement of § 2254(a). Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). A[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the ≫severity≪ of an actual or potential restraint on liberty.@ *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir.), *cert. denied,* 519 U.S. 1041 (1996).

        a.      "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the

state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007).

b.      A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

c.      If a habeas petitioner has suffered the deprivation of a protected liberty interest the procedural protections delineated in *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974), are applicable and the decision must be supported by "some evidence." *Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

4.      Nunez was sanctioned in No. WVS12-04-0015 on April 23, 2012, to one month of lost commissary privileges. This sanction was non-custodial. *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008). Perhaps it can be challenged; however, even if this is the case it may not be challenged in an action for habeas corpus relief:

State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); *Edwards v. Balisok,* 520 U.S. 641, 117 S. Ct. 1584, 137 L.Ed.2d 906 (1997). State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ [42 U.S.C.] ' 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all, which under *Sandin v. Conner,* 515 U.S. 472, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995), and *Meachum v. Fano,* 427 U.S. 215, 96 S. Ct. 2532, 49 L.Ed.2d 451 (1976), will be uncommon.

*Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (quoting *Moran v. Sondalle,* 218 F.3d 647, 650-51 (7th Cir. 2000)). A modification of his commissary privileges did not result in the imposition of "custody" on Nunez.

5.      Because Nunez's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to Rule 4.

6.      The petitioner's motion for leave to proceed *in forma pauperis* [2] is **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: ___04/12/2013_____

Copy by United States Mail to:

Roy Nunez
993519
Wabash Valley Correctional Facility
6908 S. Old U.S. Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana